UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THOMAS GALL,

                              Plaintiff,                    **COMPLAINT**

            -against-
                                                            **Case No.:**

THE ASSOCIATED MUSICIANS OF GREATER NEW
YORK LOCAL 802, AFM and LISA MEJIA,

                              Defendants.
------------------------------------------------------------------x

## JURY TRIAL DEMANDED

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THOMAS GALL (hereinafter referred to as "Mr. Gall"), by and through his undersigned counsel, RISMAN & RISMAN, P.C. and BRUSTEIN LAW PLLC, as and for his Complaint in this action against Defendants THE ASSOCIATED MUSICIANS OF GREATER NY LOCAL 802, AFM and LISA MEJIA (hereinafter collectively referred to as "Defendants"), hereby alleges as follows:

## NATURE OF ACTION

1.      This action is brought to remedy claims of disability discrimination and retaliation on the basis of disability committed against Plaintiff in violation of the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), the Americans with Disabilities Act ("ADA"), and claims for interference and retaliation under the Family and Medical Leave Act ("FMLA").

## PRELIMINARY STATEMENT

2.      Defendant THE ASSOCIATED MUSICIANS OF GREATER NY LOCAL 802, AFM (hereinafter "Local 802") is a labor union with an office location in New York City.

3.      At all relevant times, upon information and belief, Defendant Lisa Mejia was and is employed by Local 802 as Human Resources ("HR") Director/Personnel Department/Assistant to the

Financial Vice President and, at all relevant times mentioned herein, had supervisory and managerial control over Local 802's employees regarding personnel matters, including Plaintiff.

4.    Mr. Gall was an employee of Defendant Local 802 from August 1, 2022 to December 31, 2024.

5.    As detailed herein, Mr. Gall requested and was approved to take intermittent FMLA due to his disabilities.

6.    Additionally, on some occasions Mr. Gall informed his supervisor that he was unable to come to work that day due to his disabilities of asthma and COPD, due to environmental triggers.

7.    On or around November 20, 2024, Local 802 terminated Mr. Gall from his employment, stating that because the Recording Department was "busy," Local 802 needed "bodies" in the office, and Mr. Gall had been "missing a lot of time lately," Local 802 was terminating Mr. Gall from his employment, directly referring to his disability-related absences and FMLA leave usage.

8.    Defendants' discriminatory conduct was willful, malicious and wanton, warranting an award of punitive damages. Such conduct has caused, and continues to cause, Mr. Gall to suffer substantial monetary damages, permanent harm to her professional and personal reputation and/or severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

9.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1131, 1332, and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA and the ADA.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

11.    Additionally, venue is proper in pursuant to 28 U.S.C. § 1391(b) because Defendant Local 802 maintains a principal place of business in this district at 25 West 45th Street, New York, NY 10036.

12.	Mr. Gall filed a timely charge of disability discrimination with the EEOC, and has received a Notice of Right to Sue from the EEOC within the past 90 days, which was issued on December 9, 2025. This Complaint has been filed within 90 days of Plaintiff's receipt of his receipt to sue notice from the EEOC.

13.	Prior to the commencement of this action, a copy of Plaintiff's Complaint was served on both the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of the New York City Administrative Code.

14.	Any and all other prerequisites to the filing of this suit have been met.


## PARTIES

**Mr. Gall:**

15.	At all relevant times herein, Plaintiff, Thomas Gall (hereinafter "Plaintiff" or "Mr. Gall"), was and is a resident of the Brooklyn, New York.

16.	At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

17.	On August 1, 2022, Plaintiff began his employment with Defendant The Associated Musicians of Greater NY Local 802, AFM (hereinafter referred to as "Local 802") as a Paycheck Processing Specialist in the Recording Department.

18.	The actions complained of herein took place within this district, State of New York, New York County.

19.	At all pertinent times mentioned herein, Mr. Gall was employed by Local 802 in New York County, State of New York.

20.	As a Paycheck Processing Specialist in the Recording Department, Mr. Gall was supervised by Cathy Calabrese, Recording Department Supervisor ("Ms. Calabrese").

**Local 802:**

21.    At all relevant times herein, Local 802 was and is a labor union organization authorized to do business in the State of New York.

22.    During Mr. Gall's employment with Local 802, until approximately August 1, 2024, Local 802 maintained its principal place of business located at 322 West 48th Street, New York, NY 10036; on or around August 1, 2024, Local 802 temporarily moved its office to 25 West 45th Street, New York, NY 10036.

23.    Upon information and belief, Local 802 currently maintains its principal place of business at 25 West 45th Street, New York, NY 10036.

24.    Upon information and belief, Defendant Local 802 is a labor organization that maintains its principal place of business at 25 West 45th Street, New York, NY 10036, and regularly conducts business in the State of New York.

25.    At all relevant times, Local 802 has met the definition of an "employer" under all applicable statutes.

26.    Upon information and belief, at all relevant times herein, Local 802 regularly conducted and continues to regularly conduct business within the State of New York and New York City.

27.    Upon information and belief, at all relevant times herein, Local 802 derived substantial revenue from goods used or consumed or services rendered in the State of New York.

28.    At all relevant times herein, Local 802 employs 15 or more employees and is therefore an employer under all the relevant laws.

29.    Upon information and belief, at all relevant times herein, Local 802 employed Mr. Gall as a Paycheck Processing Specialist up and until the time Local 802 unlawfully terminated Mr. Gall's employment.

30.    Upon information and belief, at all relevant times herein, Local 802 met and continues to meet the definition of an "employer" under all applicable statutes.

**Lisa Mejia:**

31.     Upon information and belief, Defendant Lisa Mejia ("Ms. Mejia") was and is employed by Local 802 as HR Director/Personnel Department/Assistant to the Financial Vice President and, at all relevant times mentioned herein, had supervisory and managerial control over Local 802's employees regarding personnel matters, including Plaintiff.

32.     At all relevant times, Ms. Mejia determined what benefits and accommodations would be provided to employees of Local 802, including Plaintiff.

33.     Upon information and belief, at all relevant times, Ms. Mejia supervised and controlled employee benefits and conditions of employment at Local 802, including Plaintiff.

34.     At all relevant times, Ms. Mejia failed to accommodate Plaintiff's disability.

35.     At all relevant times, Ms. Mejia retaliated against Mr. Gall due to his seeking an accommodation for his disability and taking FMLA leave due to his disability.

36.     At all relevant times, Ms. Mejia discriminated against Plaintiff due to his disabilities.

37.     Ms. Mejia exercised managerial and supervisory control and authority over the Plaintiff, within the meaning of the NYCHRL and NYSHRL.

38.     Ms. Mejia is and was, at all times mentioned herein, an aider and abettor within the meaning of the NYCHRL, NYSHRL, and other pertinent laws.

39.     At all pertinent times mentioned herein, Plaintiff had and has disabilities, including asthma, Chronic Obstructive Pulmonary Disease ("COPD"), and arthritis in his hip and back.

40.     The actions complained of herein took place within the State of New York, New York County.

41.     Upon information and belief, Ms. Mejia is an individual who at all relevant times resided in the State of New York.

## **FACTUAL ALLEGATIONS**

42.     Mr. Gall began his employment with Local 802 on August 1, 2022, as a Paycheck

Processing Specialist in the Recording Department.

43.    Throughout his employment with Local 802, Mr. Gall performed his job duties competently and satisfactorily.

44.    In March 2023, Mr. Gall disclosed to Ms. Mejia ("Human Resources ("HR") Director") that he had been diagnosed with asthma and COPD and would need to intermittently take time off from work to attend doctors' appointments to treat these disabilities as a reasonable accommodation for his disabilities.

45.    In or around July 2023, Ms. Mejia and Ms. Calabrese instructed Mr. Gall to provide Local 802 with a Family and Medical Leave Act ("FMLA") form completed by his doctor regarding this request for accommodation, and Mr. Gall did so in or around August 2023.

46.    In or around August 2023, Mr. Gall's request for intermittent FMLA was approved by Local 802 due to his disabilities.

47.    Thereafter, Mr. Gall informed Ms. Calabrese, Recording Department Supervisor, when he needed to take time off from work due to a doctors' appointment for his disabilities.

48.    Additionally, on some occasions Mr. Gall informed Ms. Calabrese that he was unable to come to work that day due to his disabilities of asthma and COPD.

49.    In or around June 2024, Mr. Gall disclosed to Ms. Mejia that he had been diagnosed with arthritis in his hip and back, and would need to intermittently take time off from work to attend doctors' appointments to treat these disabilities as a reasonable accommodation for his disabilities.

50.    Mr. Gall asked Ms. Mejia whether he should submit a FMLA form completed by the doctor treating him for this new diagnosis.

51.    In response, Ms. Mejia instructed Mr. Gall that because he had previously submitted an FMLA form in connection with his disabilities of asthma and COPD, he did not need to submit an additional FMLA form in connection with his arthritis, and further stated that his requests for accommodation related to all disabilities were covered under his August 2023 FMLA form.

52.     Thereafter in or around June 2024, Ms. Mejia further instructed Mr. Gall to submit an updated FMLA form since his August 2023 FMLA form would expire after one year, in August 2024.

53.     As such, on or around July 1, 2024, Mr. Gall provided Ms. Mejia with an updated FMLA form completed by his doctor regarding his request for accommodation for his disabilities of asthma and COPD.

54.     Mr. Gall's updated FMLA request was approved by Local 802.

55.     Thereafter, Mr. Gall continued to inform Ms. Calabrese when he needed to take time off from work due to a doctors' appointment for his multiple disabilities and when he was unable to come to work that day due to his disabilities.

56.     Throughout his employment, Mr. Gall maintained regular communication with his supervisor, Ms. Calabrese, regarding his medical appointments and necessary absences.

57.     Throughout his employment, Mr. Gall properly notified his supervisor of all medical-related absences via text message and/or email and/or calls, and followed all required procedures for requesting and using leave time.

58.     On or around November 20, 2024, Local 802 requested that Mr. Gall attend a meeting with Sara Cutler, at that time President and Executive Director ("Ms. Cutler"), Dan Point, Chief of Staff, Karen Fisher, Financial Vice President, and Harvey Mars, Recording Vice President and Counsel. During this meeting, Ms. Cutler on behalf of Local 802 stated that because the Recording Department was "busy," Local 802 needed "bodies" in the office, and Mr. Gall had been "missing a lot of time lately," Local 802 was terminating Mr. Gall from his employment, directly referring to his disability-related absences and FMLA leave usage.

59.     Mr. Gall was terminated from his employment at this meeting.

60.     This, despite that Local 802 was aware that Mr. Gall was taking time off from work to attend doctors' appointments and as a reasonable accommodation for his disabilities and further protected under FMLA.

61.     Upon information and belief, other employees at Local 802 took time off from work for

other reasons, such as going on vacation.

62.    On December 18, 2024, Mr. Gall received a formal termination letter from Local 802, which cited "financial difficulties" as the purported reason for his termination, contrary to what he was told at the meeting.

63.    Local 802's conflicting reasons for the termination of Mr. Gall's employment is evidence of pretext, supporting an inference of discrimination.

64.    Mr. Gall's last day of employment was December 31, 2024.

65.    Defendants discriminated against Mr. Gall because of his disabilities by terminating his employment shortly after he exercised his rights for reasonable accommodations and his rights under the FMLA, and in retaliation for seeking an accommodation for his disabilities and taking disability-related medical leave.

66.    At no time prior to Mr. Gall's termination did Defendants engage in any interactive process and/or cooperative dialogue to discuss reasonable accommodations for his disabilities, as required by law.

67.    At no time prior to Mr. Gall's termination did Defendants inform him that there was an undue hardship to provide Mr. Gall with reasonable accommodations for his disabilities.

68.    Upon information and belief, Defendants' stated reason for terminating Mr. Gall's employment was pretextual, and the true reason was discrimination based on his disabilities and retaliation for exercising his rights under the pertinent laws including but not limited to FMLA.

69.    As a direct and proximate result of Defendants' unlawful conduct, Mr. Gall has suffered and continues to suffer substantial losses, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

70.    As a further direct and proximate result of Defendants' actions, Mr. Gall has suffered and continues to suffer severe and lasting embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses.

71.    The circumstances surrounding Mr. Gall's termination give rise to a strong inference of disability discrimination, failure to accommodate disabilities, FMLA interference, FMLA retaliation, and

unlawful retaliatory conduct by Defendants.

72.    Defendants' discriminatory and retaliatory actions have caused Mr. Gall to suffer damages including but not limited to diminished retirement benefits and other financial losses that will continue into the future.

73.    Defendants' actions have caused damage to Mr. Gall's professional reputation and future employment prospects.

74.    The quality of Mr. Gall's life has been significantly impacted as a direct result of Defendants' discriminatory and retaliatory conduct, causing ongoing emotional distress, anxiety, and other psychological harm.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST ALL DEFENDANTS FOR DISABILITY DISCRIMINATION IN VIOLATION OF THE NYSHRL

75.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

76.    The acts which constitute and form this cause of action were perpetrated upon Plaintiff while he was in the course of his employment with Defendants and while he was protected under the NYSHRL because of his disability.

77.    At all relevant times, Plaintiff was and is a person with disabilities within the meaning of the NYSHRL, suffering from asthma, COPD, and arthritis in his hip and back.

78.    Defendant Local 802 is a covered employer under the NYSHRL with one or more employees.

79.    Defendant Ms. Mejia is an employee and/or agent of Defendant Local 802 who personally participated in, approved, condoned, or facilitated the discriminatory conduct alleged herein, and is therefore individually liable pursuant to New York Executive Law § 296(6).

80.    Defendant Ms. Mejia had supervisory authority over the Plaintiff, including the authority to hire, fire, and discipline Plaintiff; to dictate Plaintiff's compensation, terms, benefits, conditions, and

privileges of employment; and to exercise control over employment decisions affecting Plaintiff.

81.     Because Defendant Ms. Mejia had a supervisory role over the Plaintiff and wielded the ability to dictate the compensation, terms, benefits, conditions, and privileges of Plaintiff's employment, Defendant Ms. Mejia is personally liable for her discriminatory conduct as an "employer" pursuant to New York Executive Law § 296.

82.     Up to and including the time of the wrongful and unlawful discrimination alleged herein, Plaintiff was qualified for his position and performed his duties satisfactorily.

83.     Defendants have discriminated against Plaintiff on the basis of his disabilities in violation of the NYSHRL by denying him the equal terms and conditions of employment, including but not limited to terminating his employment because of his disabilities and his use of protected medical leave.

84.     Defendants failed to provide Plaintiff with a workplace free from discrimination and enabled and condoned management's discriminatory conduct.

85.     Defendants treated Plaintiff less favorably than non-disabled employees, as evidenced by the fact that other employees took time off from work for other reasons, such as going on vacation, and were not disciplined.

86.     Defendants' termination of Plaintiff's employment occurred under circumstances giving rise to an inference of unlawful disability discrimination, particular given management's statements while informing Plaintiff that he was terminated directly referring to his disability-related absences and FMLA usage, the temporal proximity between his updated FMLA request, FMLA usage, and disability-related absences and the adverse actions taken against him, and the pretextual nature of the stated reasons for termination of employment.

87.     As a direct and proximate result of Defendants' violation of the NYSHRL, Defendants are liable to Plaintiff for damages, including punitive damages, costs, reasonable attorneys' fees, and pre-judgment interest.

88.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm,

including but not limited to loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

89.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

90.     Defendants' acts were egregious and committed with reckless indifference in the face of a perceived risk that their actions would violate Plaintiff's protected rights under the NYSHRL, so that Defendants should also be required to pay punitive damages for their discriminatory conduct in order to deter Defendants and others similarly situated from engaging in such conduct in the future.

### AS AND FOR A SECOND CAUSE ON BEHALF OF PLAINTIFF AGAINST ALL DEFENDANTS FOR FAILURE TO ACCOMMODATE A DISABILITY IN VIOLATION OF THE NYSHRL

91.     Plaintiff repeats, realleges, and incorporates each and every allegation contained in the paragraphs above as more fully set forth herein.

92.     The acts which constitute and form this cause of action were perpetrated upon Plaintiff while he was in the course of his employment with Defendants and while he was protected under the NYSHRL because of his disability.

93.     Plaintiff at all relevant times herein, was a member of a protected class under the NYSHRL because he was and is suffering from asthma, Chronic Obstructive Pulmonary Disease, and arthritis in his hip and back, which constitute disabilities under all applicable laws.

94.     Plaintiff requested reasonable accommodations for his disabilities, specifically intermittent time off to attend medical appointments and to manage the symptoms of his disabilities.

95.     Defendants failed to reasonably accommodate Plaintiff and failed to engage in the required interactive process to determine appropriate accommodations.

96.    Defendants could have reasonably accommodated Plaintiff by allowing him to continue his employment while using intermittent FMLA leave as needed to attend doctor's appointments for his disabilities and occasionally taking disability-related absences due to the symptoms of his disabilities, but Defendants refused to do so, instead terminating his employment because he had been "missing a lot of time lately" and that the department needed "bodies" in the office, directly referring to his disability-related absences and FMLA usage, and later claiming that his termination from employment was due to the pretextual reason of "financial difficulties."

97.    Defendants terminated Plaintiff instead of accommodating him, which constitutes a failure to accommodate his disabilities.

98.    As a direct and proximate result of Defendants' violation of the NYSHRL, Defendants are liable to Plaintiff for damages, including punitive damages, costs, reasonable attorneys' fees, and pre-judgment interest.

99.    As a direct and proximate result of Defendants' conduct complained of herein, Plaintiff has suffered damages, injuries, and losses, both actual and prospective, which include lost income, benefits, damage to his career and professional reputation, and the emotional pain and suffering Plaintiff has been caused to endure.

100.    Defendants' acts were egregious and committed with reckless indifference in the face of a perceived risk that their actions would violate Plaintiff's protected rights under the NYSHRL, so that Defendants should also be required to pay punitive damages for their discriminatory conduct in order to deter Defendants and others similarly situated from engaging in such conduct in the future.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
AGAINST ALL DEFENDANTS FOR RETALIATION
IN VIOLATION OF THE NYSHRL**

101.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

102.    Plaintiff engaged in protected activity under the NYSHRL by requesting reasonable accommodations for his disabilities.

103.    Defendants have retaliated against Plaintiff by, inter alia, terminating his employment because of his requests for accommodations and use of protected medical leave, in violation of the NYSHRL.

104.    Defendants were aware that Plaintiff engaged in protected activity under the NYSHRL when he requested and sought accomodations due to his disabilities, but retaliated against him for doing so.

105.    As a result of Plaintiff's protected activity, he was subjected to adverse actions, including termination from his employment.

106.    The retaliatory conduct and actions taken by Defendants were causally connected to Plaintiff's protected activity.

107.    Defendant Local 802 admitted that Plaintiff's termination was because he had been "missing a lot of time lately" and Local 802 needed "bodies" in the office, referring to protected disability-related absences, but then claimed the termination for "financial difficulties."

108.    The aforementioned acts of Defendants constitute unlawful discriminatory retaliation against Plaintiff in violation of the NYSHRL.

109.    As a direct and proximate result of Defendants' violation of the NYSHRL, Defendants are liable to Plaintiff for damages, including punitive damages, costs, reasonable attorneys' fees, and pre-judgment interest.

110.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

111.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional

distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

112.    Defendants committed the acts perpetrated on Plaintiff with reckless indifference in the face of a perceived risk that their actions would violate Plaintiff protected rights under the NYSHRL, so that, in addition to the damages inflicted upon Plaintiff and in addition to all other measures of relief to which Plaintiff may be properly entitled herein, Defendants should also be required to pay punitive damages for their discriminatory and retaliatory conduct, in order to deter Defendants and others similarly situated from engaging in such conduct in the future.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST ALL DEFENDANTS FOR DISCRIMINATION IN VIOLATION OF THE ADA

113.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

114.    At all relevant times, Plaintiff was and is a qualified individual with disabilities within the meaning of the ADA, suffering from asthma, COPD, and arthritis in his hip and back.

115.    Defendants have discriminated against Plaintiff on the basis of his disabilities in violation of the ADA by denying him the equal terms and conditions of employment, including but not limited to terminating his employment because of his disabilities and his use of medical leave.

116.    Defendants' purported reason for terminating Plaintiff's employment due to "financial difficulties," as stated in Plaintiff's December 2024 formal termination letter, was pretextual, as evidenced by Local 802's prior statements during Plaintiff's termination meeting on November 20, 2024 indicating that Plaintiff's termination from employment was due to his disabilities.

117.    Defendants have also discriminated against Plaintiff by failing to engage in any interactive process to discuss or provide reasonable accommodations for his disabilities, as required by the ADA.

118.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in

violation of the ADA, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

119.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST ALL DEFENDANTS FOR DISABILITY DISCRIMINATION IN VIOLATION OF THE NYCHRL

120.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

121.    The acts which constitute and form this cause of action were perpetrated upon Plaintiff while he was in the course of his employment with Defendants and while he was protected under the NYCHRL because of his disabilities.

122.    At all relevant times, Plaintiff was and is a person with disabilities within the meaning of the NYCHRL, suffering from asthma, COPD, and arthritis in his hip and back.

123.    Up to and including the time of the wrongful and unlawful discrimination alleged herein, Plaintiff was qualified for his position and performed his duties in that position in an exemplary manner.

124.    Defendants have discriminated against Plaintiff on the basis of his disabilities in violation of the NYCHRL by denying him the equal terms and conditions of employment, including but not limited to terminating his employment because of his disabilities and his use of protected medical leave.

125.    Defendants enabled and condoned management's discriminatory conduct by among other things, failing to provide Plaintiff with a workplace free of disability discrimination, and ultimately terminating Plaintiff's employment with Local 802.

126.    Defendants treated Plaintiff less favorably than non-disabled employees, as evidenced by the fact that other employees took time off from work for other reasons, such as going on vacation, and were not disciplined, and Plaintiff was terminated from his employment.

127.    Defendants' termination of Plaintiff's employment occurred under circumstances giving rise to a strong inference of unlawful disability discrimination, particularly given management's statements while informing Plaintiff that he was terminated directly referring to his disability-related absences and the adverse actions taken against him.

128.    The facts alleged herein constitute unlawful discrimination against Plaintiff by Defendants, based on Plaintiff's disabilities, in violation of the NYCHRL § 8-107(1)(a), which, inter alia, states that:

> "It shall be unlawful discriminatory practice ... [f]or an employer or agent thereof, because of the actual or perceived ... disability ... of any person ... to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment. "

129.    The NYCHRL is to be construed liberally to accomplish its uniquely broad and remedial purposes and provides broader protections than federal or state law.

130.    As a direct and proximate result of Defendants' violation of the NYCHRL, Defendants are liable to Plaintiff pursuant to § 8-502(a) for "damages including punitive damages," and pursuant to § 8-502(f) for "costs and reasonable attorney's fees," based on the lodestar method, as has been judicially established and accepted as a means of calculating attorney's fees, when they are properly available under the law, or as they are here, and for pre-judgment interest.

131.    In addition to being adversely affected in his employment and suffering a significant loss of income, including lost wages, benefits, and bonuses, Plaintiff has been humiliated, demeaned, and degraded, all of which has been caused by Defendants' unlawful conduct due to discrimination based on Plaintiff's disabilities, in violation of Plaintiff's human rights.

132.    As a direct and proximate result of Defendants' conduct complained of herein, and as alleged in this cause of action, Plaintiff  has suffered damages, injuries and losses, both actual and

prospective, which include damage to his career, damage to his professional reputation, psychological damage including depression, anxiety, and loss of self-esteem, and the emotional pain and suffering Plaintiff has been caused to suffer,  and the impact upon the quality of life and his well-being.

133.    Defendants' acts were egregious, willful, and wanton, and committed with reckless indifference in the face of a perceived risk that their actions would violate Plaintiff's protected rights under the NYCHRL, so that, in addition to damages inflicted upon Plaintiff and in addition to all the other measures of relief to which Plaintiff may be properly entitled herein, Defendants should also be required to pay punitive damages for their discriminatory conduct in order to deter Defendants and others similarly situated from engaging in such conduct in the future.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST ALL DEFENDANTS FOR FAILURE TO ACCOMMODATE A DISABILITY IN VIOLATION OF THE NYCHRL

134.    Plaintiff repeats, realleges, and incorporates each and every allegation contained in the paragraphs above as more fully set forth herein.

135.    The acts which constitute and form this cause of action were perpetrated upon Plaintiff while he was in the course of his employment with Defendants and while he was protected under the NYCHRL because of his disabilities.

136.    Plaintiff at all relevant times herein, was a member of a protected class under the NYCHRL because he was and is suffering from asthma, Chronic Obstructive Pulmonary Disease, and arthritis in his hip and back, which constitute disabilities under all applicable laws.

137.    Plaintiff requested reasonable accommodations for his disabilities, specifically intermittent time off to attend medical appointments and to manage the symptoms of his disabilities, and time off when he was sick.

138.    Defendants failed to provide reasonable accommodations to Plaintiff and failed to engage in a cooperative dialogue to determine appropriate accommodations.

139.    Instead, Plaintiff's employment was terminated due to his requests for accomodations and usage and disability-related and protected absences.

140.    Defendants refused to engage in a cooperative dialogue to determine what accommodations might allow Plaintiff to perform his job, instead terminating his employment after he sought accomodations for his disabilities.

141.    Defendants could have reasonably accommodated Plaintiff and never claimed an undue hardship.

142.    Defendants terminated Plaintiff's employment stating that he had been "missing a lot of time lately" and that the department needed "bodies" in the office, directly referring to his disability-related absences.

143.    Defendants could have reasonably accommodated Plaintiff by allowing him to continue his employment without subjecting him to discriminatory treatment and pretextual termination, but Defendants refused to do so.

144.    The facts alleged herein constitute unlawful discrimination against Plaintiff by Defendants' failure to accommodate Plaintiff 's disabilities in violation of § 8-107(15) of the NYCHRL, which requires employers to provide reasonable accommodations and engage in a cooperative dialogue with employees regarding their disabilities.

145.    The facts alleged herein constitute unlawful discrimination against Plaintiff, based on Defendants' failure to engage in a cooperative dialogue with Plaintiff in violation of § 8-107(15) of the NYCHRL.

146.    As a direct and proximate result of Defendants' violation of the NYCHRL, Defendants are liable to Plaintiff pursuant to § 8-502(a) for "damages including punitive damages," and pursuant to § 8-502(f) for "costs and reasonable attorney's fees," and for pre-judgment interest.

147.    As a direct and proximate result of Defendants' conduct complained of herein, Plaintiff has suffered damages, injuries and losses, both actual and prospective, which include loss of income, benefits,

damage to his career, psychological damage, and the emotional pain and suffering Plaintiff has been caused to suffer, and the impact upon the quality of life and his well-being.

148.    Defendants' acts were egregious and committed with reckless indifference in the face of a perceived risk that their actions would violate Plaintiff's protected rights under the NYCHRL, so that Defendants should also be required to pay punitive damages for their discriminatory conduct in order to deter Defendants and others similarly situated from engaging in such conduct in the future.


### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST ALL DEFENDANTS FOR RETALIATION IN VIOLATION OF THE NYCHRL

149.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

150.    When Plaintiff requested reasonable accommodations, he was subjected to retaliation, which adversely and severely impacted is career and well-being, and was designed to punish him for engaging in this protected activity.

151.    Defendants retaliated against Plaintiff for engaging in protected activity under the NYCHRL.

152.    As a result of Plaintiff's request for and use of reasonable accommodation, he was retaliated against through a pretextual termination from his employment.

153.    The retaliatory conduct and actions taken by Defendants were causally connected to Plaintiff's protected activity.

154.    The aforementioned acts of Defendants constitute unlawful discriminatory retaliation against Plaintiff in violation of New York City Human Rights Law § 8-107(7), which states, in pertinent part:

> "It shall be an unlawful discriminatory practice ... for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has ... (v) requested a reasonable accommodation under this chapter ..."

155.    As a direct and proximate result of Defendants' violation of the NYCHRL, Defendants are liable to Plaintiff pursuant to § 8-502(a) of said statute for "damages including punitive damages," and pursuant to § 8-502(f) of said statute for "costs and reasonable attorney's fees," and for pre-judgment interest.

156.    As a direct and proximate result of Defendants' discriminatory and retaliatory conduct complained of herein, Plaintiff has suffered damages, injuries and losses, both actual and prospective, which include the irreparable loss of income, lost wages, benefits, holiday bonuses, and performance bonuses, damage to his career and professional reputation, and the emotional pain and suffering, including depression, anxiety, humiliation, and loss of self-esteem.

157.    Defendants committed the acts perpetrated on Plaintiff with reckless indifference in the face of a perceived risk that their actions would violate Plaintiff protected rights under the NYCHRL, so that, in addition to the damages inflicted upon Plaintiff and in addition to all other measures of relief to which Plaintiff may be properly entitled herein, Defendants should also be required to pay punitive damages for their discriminatory and retaliatory conduct, in order to deter Defendants and others similarly situated from engaging in such conduct in the future.

## AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST ALL DEFENDANTS FOR INTERFERENCE WITH FMLA RIGHTS

158.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

159.    At all relevant times, Plaintiff was an eligible employee under the FMLA and was entitled to FMLA leave for his serious health conditions.

160.    At all relevant times, Plaintiff had a "serious health condition" as defined by the FMLA.

161.    Defendants interfered with Plaintiff's exercise of his FMLA rights by terminating his employment while he was seeking and/or was on approved intermittent FMLA leave that was scheduled to continue through February 24, 2025.

162.    Defendants terminated Plaintiff because he had sought to take intermittent FMLA leave and was entitled to do so.

163.    By terminating Plaintiff because he had requested and been approved for FMLA leave, Defendants interfered with Plaintiff's ability to take FMLA leave.

164.    As a direct and proximate result of Defendants' unlawful interference with Plaintiff's FMLA rights, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages and other relief.

165.    As a result of Defendants' violations of the FMLA, Plaintiff is entitled to all relief available under 29 U.S.C. § 2617, including: (a) damages for any compensation denied or lost, including lost wages, salary, benefits, and bonuses, plus interest; (b) liquidated damages equal to the amount of lost compensation; (c) appropriate equitable relief, including employment, reinstatement, and promotion; and (d) reasonable attorney's fees and costs.

## AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST ALL DEFENDANTS FOR FMLA RETALIATION

166.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

167.    At all relevant times, Plaintiff was an eligible employee under the FMLA and was entitled to FMLA leave for his serious health conditions.

168.    Plaintiff engaged in protected activity under the FMLA by requesting and/or taking intermittent FMLA leave for his serious health conditions.

169.    Defendants retaliated against Plaintiff for exercising his FMLA rights by terminating his employment.

170.    Defendants retaliated against Plaintiff for exercising his FMLA rights by terminating his employment while he was approved to continue to take intermittent FMLA leave.

171.    Defendants took adverse employment actions against Plaintiff, including terminating his employment.

172.    There is a direct causal connection between Plaintiff's exercise of FMLA rights and the adverse actions taken against him, as evidenced by Defendant Local 802's admission that that Plaintiff's termination was because he had been "missing a lot of time lately" and Local 802 needed "bodies" in the office, referring to his FMLA usage and disability-related absences, and the temporal proximity between his updated FMLA request, FMLA usage, and disability-related absences and the termination soon thereafter.

173.    Defendants retaliated against Plaintiff for exercising his FMLA rights in violation of 29 U.S.C. § 2615(a)(2).

174.    As a result of Defendants' violations of the FMLA, Plaintiff is entitled to all relief available under 29 U.S.C. § 2617, including: (a) damages for any compensation denied or lost, including lost wages, salary, benefits, and bonuses, plus interest; (b) liquidated damages equal to the amount of lost compensation; (c) appropriate equitable relief, including employment, reinstatement, and promotion; and (d) reasonable attorney's fees and costs.

175.    Defendants' conduct was willful, entitling Plaintiff to liquidated damages under the FMLA.

### AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANT MEJIA FOR AIDING AND ABETTING IN VIOLATION OF THE NYSHRL

176.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

177.    Defendant Mejia knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, failure to accommodate disabilities, and retaliation against Plaintiff in violation

of the NYSHRL.

178.    Defendant Mejia was an aider and abetter of the unlawful employment practices and discrimination against Plaintiff in violation of the NYSHRL.

179.    As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss future income, compensation and benefits for which he is entitled to an award of damages.

180.    As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.


**AS AND FOR AN ELEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
AGAINST DEFENDANT MEJIA FOR AIDING AND ABETTING
IN VIOLATION OF THE NYCHRL**

181.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

182.    Defendant Mejia knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, failure to accommodate disabilities, and retaliation against Plaintiff in violation of the NYCHRL.

183.    Defendant Mejia was an aider and abetter of the unlawful employment practices and discrimination against Plaintiff in violation of the NYCHRL.

184.    As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss future income, compensation and benefits for which he is entitled to an award of damages.

185.    As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and

suffering for which he is entitled to an award of damages.

186.    Defendant Mejia's unlawful actions constitute malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Thomas Gall, demands judgment, including punitive damages as applicable, against the Defendants, in an amount which exceeds the jurisdictional limits of all lower courts, on each cause of action; granting an order restraining Defendants from any retaliation against the Plaintiff for participation in any form in this litigation; All damages which Plaintiff has sustained as a result of the Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits he would have received but for Defendants' conduct, and for emotional distress, humiliation, embarrassment, and anguish; Front pay to the Plaintiff until such time as he can be placed in the same position he would have occupied but for Defendants' unlawful conduct; Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless and/or intentional conduct; Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs; Pre-judgment and post-judgment interest, as provided by law; and Granting Plaintiff all other and further relief as this Court finds necessary and proper together with the costs and disbursements of this action and attorneys' fees as applicable.


Dated: New York, New York
       February 13, 2026


                    RISMAN & RISMAN, P.C.

               By: _Shannon Barry_____
                    Shannon Barry, Esq.
                    Maya Risman, Esq.
                    233 Broadway, Suite 2707

New York, New York 10279
(212) 233-6400

BRUSTEIN LAW PLLC

Evan Brustein, Esq.
299 Broadway, 8th Floor
New York, New York 10007
(917) 769-8748

*Attorneys for Plaintiff*

## ATTORNEY'S VERIFICATION

SHANNON BARRY, an attorney duly admitted to practice law in the State of New York, hereby affirms the following under the penalty of perjury:

That I am associated with the law firm of RISMAN & RISMAN, P.C., the attorneys for the Plaintiff in the within action.

That I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to those matters therein stated to be upon information and belief, and as to those matters I believe them to be true; that my grounds for belief as to matters not herein stated to be alleged upon my own knowledge are investigations and information received by myself in the course of my duties as an attorney for the Plaintiff.

That the reason this verification is made by your Affirmant and not by the Plaintiff is that the Plaintiff is not presently within the County of New York wherein I maintain my office.

Dated: New York, New York
       February 13, 2026

_Shannon Barry_
SHANNON BARRY, ESQ.